UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA FISHER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARMY NATIONAL GUARD, et al.,<br><br>Defendants. | No.  1:20-cv-01471-NONE-EPG<br><br>ORDER CONCERNING APPOINTMENT OF GUARDIAN AD LITEM |

      Plaintiffs Johanna Fisher and J.G., a minor, by and through her guardian ad litem, Johanna Fisher, filed the civil rights complaint commencing this action on October 15, 2020. (ECF No. 1). On account of J.G.'s being a minor, that same day, Plaintiffs filed a Notice of Lodging Application and Order Appointing Guardian Ad Litem. (ECF No. 4).

      Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed.R.Civ.P. 17(c)(2).

      Local Rule 202 provides additional requirements:

(a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or

1

incompetent person.

…

(c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has stated, "Although the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir.1986).

The notice (ECF No. 4) contains an order from the Superior Court of California, County of Tulare, appointing Plaintiff Fisher as the guardian ad litem to Plaintiff Fisher's child, J.G., in a negligence action against "Porterville United School District, et al." Upon review of the Superior Court records available online and based on the case number contained in the notice,[1] the lawsuit in state court appears to be related to the instant action. The state court action is a negligence action against Porterville Unified School District and Porterville Military Academy, and the complaint here alleges that the actions that began this lawsuit occurred at Porterville Military Academy and includes negligence claims, (ECF No. 1, at 4 & 9-13). In addition, Plaintiff's counsel in the state court proceedings is the same as counsel here.

Given the apparent similarity of the actions, this notice complies with Local Rule 202(a)(1) as "appropriate evidence of the appointment of a representative for the minor or incompetent person under state law . . . ."

However, the filing did not comply with Local Rule 202(c) because it did not disclose

---

[1] The Court takes judicial notice of these records. *See See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (judicial notice may be taken of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Plaintiff's attorney's interest and the other details required by that rule. As such, the Court will order Plaintiff to file a motion or other notice that fully complies with Federal Rule of Civil Procedure 17 and Local Rule 202(c).

    Accordingly, it is HEREBY ORDERED THAT within seven days, Plaintiff's counsel shall file a motion or revised notice in connection with the appointment of a guardian ad litem that complies with Local Rule 202(c).

IT IS SO ORDERED.

Dated: __**October 29, 2020**__      /s/ *Eric P. Groj*
                                                 UNITED STATES MAGISTRATE JUDGE