UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA FISHER and J.G., a minor, by and through her guardian ad litem, JOHANNA FISHER,<br><br>Plaintiff,<br><br>v.<br><br>ARMY NATIONAL GUARD, et al.,<br><br>Defendants. | No. 1:20-cv-01471-NONE-EPG<br><br>ORDER APPOINTING GUARDIAN AD LITEM<br><br>(ECF No. 10) |

The Court has read and considered the *ex parte* Notice of Lodging Application and Order Appointing Guardian Ad Litem (ECF No. 4) and the Revised Notice of Lodging Application and Order Appointing Guardian Ad Litem (ECF No. 10).

On October 15, 2020, Plaintiffs filed an *ex parte* Notice of Lodging Application and Order Appointing Guardian Ad Litem. (ECF No. 4). Because the initial notice did not comply with Local Rule 202(c), which requires the disclosure of a Plaintiff's attorney's interests and certain other details, the Court ordered a revised notice or motion that did comply with the rule. (ECF No. 9). Plaintiffs filed an *ex parte* Revised Notice of Lodging Application and Order Appointing Guardian Ad Litem on November 4, 2020. (ECF No. 10).

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad

litem." Fed.R.Civ.P. 17(c)(2).

Local Rule 202 provides additional requirements:

(a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

…

(c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has stated, "Although the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.,* 795 F.2d 796, 805 (9th Cir.1986).

Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). When a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001).

There is no conflict of interest as both parents and children are suing the governmental entities for similar civil rights violations. (*See* ECF No. 1). This alignment of interests weighs in favor of appointing Ms. Fisher. *Neri v. Tennis Villas at Blackhawk Ass'n, Inc.*, 2013 U.S. Dist. LEXIS 165221, at *3 (N.D. Cal. Nov. 19, 2013); *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000).

The Court will follow the general presumption and allow the minors' parent to represent their interests. *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000); *Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *6 (E.D. Cal. May 8, 2007); *Sack v. N. E. Med. Servs.*, 2016 U.S. Dist. LEXIS 140042, at *2 (N.D. Cal. Oct. 7, 2016). This ruling, however, does not necessarily prevent the Court from revisiting the issue of contingency fees should the Court be presented with a motion for approval of a minor's compromise.

**IT IS ORDERED** that Johanna Fisher is hereby appointed as the guardian ad litem for minor J.G.

IT IS SO ORDERED.

Dated:   **November 5, 2020**              /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE

3